IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,099-01






EX PARTE GUADALUPE LOPEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 10-10-06789-MCRAJA IN THE 365TH DISTRICT COURT


FROM MAVERICK COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of
marihuana and sentenced to ten years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because he was not released to community
supervision after spending 180 days in prison. Applicant also alleges counsel was ineffective for not
securing his presence at the hearing held under Section 6 of Code of Criminal Procedure Article
42.12. Applicant has alleged facts that, if true, might entitle him to relief. The trial court entered
findings concluding that "shock" probation was not part of the plea agreement, and Applicant was
ineligible for "shock" probation in any event. The habeas record contains neither docket sheets nor
a copy of the plea agreement. Furthermore, the judgment's recitations of the terms of the plea
agreement suggest that consideration of "shock" probation was a part of the plea agreement. In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim that ineffective assistance of counsel caused
his plea to be involuntary. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 It appears that Applicant is represented by counsel. If the trial court determines he is not
represented by counsel and elects to hold a hearing, it shall then determine whether Applicant is
indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. The trial court shall make specific findings addressing whether
Applicant's plea was entered with the understanding that he was eligible for "shock" probation. The
trial court shall make specific findings detailing how Applicant was advised by the court and counsel
as to his eligibility for "shock" probation at the time of his plea. The trial court has found that
Applicant was ineligible for consideration of community supervision under Section 6 of Article
42.12 of the Code of Criminal Procedure. The trial court shall make specific findings as to whether
Applicant was incarcerated in the penitentiary pursuant to his alleged prior conviction. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. The supplemental transcript
shall also contain any plea papers and docket sheets from this cause as well as documents necessary
to support any finding that Applicant was ineligible for consideration of community supervision
under Section 6 of Article 42.12 of the Code of Criminal Procedure. Any extensions of time shall
be obtained from this Court. 


Filed: October 31, 2012

Do not publish